IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

HAIBER V. MONTEHERMOSO,        )
                               )
             Plaintiff,        )
                               )
       v.                      )     1:12CV1332
                               )
UNKNOWN SUPERINTENDENT,        )
et al.,                        )
                               )
             Defendant(s).     )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, has submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint [Doc. #2] is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. Plaintiff has listed a number of defendants in his Complaint, but makes allegations as to only one, Defendant Brown-Ray. Plaintiff must make allegations as to each defendant listed in order to state a proper claim for relief against each defendant.

2. Even as to Ms. Brown-Ray, Plaintiff has not stated a proper claim for relief. Plaintiff alleges that he spoke to Ms. Brown-Ray about his desire to attend a class to further his education, but that she refused to let him attend the class and instead told him to work in the kitchen or face disciplinary action. He states that he filed a grievance, and was later moved to a facility that was far from his family. He claims that he should not have been working in the kitchen due to an unidentified medical condition, which apparently included back pain and lifting restrictions. He complains that he was required to perform a job inconsistent with his condition and denied an education "just because [he is of] Latino heritage." (Complaint, § V.) He adds that the pain

in his back got worse, but he does not know if his health will be harmed in the future. Overall, Plaintiff's claims are too conclusory to state any claim for relief. For instance, Plaintiff does not explain why he believes his Latino heritage had anything to do with Brown-Ray's decisions, nor does he specify how his constitutional rights were violated by the denial of his request to attend the class or his transfer to another prison.[1] These allegations are very similar to allegations he has raised in past cases where he has also been told that they are insufficient to state a claim for relief. (See 1:09CV393, Order and Recommendation [Doc. #5]; 1:09CV469, Order and Recommendation [Doc. #3]; 1:09CV519, Order and Recommendation [Doc. #3]; 1:12CV518, Order and Recommendation [Doc. #3].) Nothing has changed. As Plaintiff has now been told multiple times, if he wishes to file a complaint that can move forward, he must set out the details of his claim and not rely on unsupported conclusions.[2]

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983

---

[1] In addition, the Court notes that Plaintiff has attached documents to establish that he filed a grievance regarding his request to take a class, and according to Plaintiff's documents, his request to take the class was denied based on his medical restrictions. Plaintiff does not specify how this denial violated his constitutional rights. With respect to his work assignment, Plaintiff has not indicated that he pursued any type of grievance relating to his assignment to the kitchen. See 42 U.S.C. § 1997e(a). In the Complaint, as to Exhaustion of Administrative Remedies, Plaintiff alleges that he pursued a grievance based on his "desire to attend school-class and medical restriction," but Plaintiff does not allege that he pursued a grievance regarding this assignment to work in the kitchen. Ordinarily, work assignments are matters within the discretion of prison officials, and work requirements do not constitute "involuntary servitude" in violation of the Constitution. Altizer v. Paderick, 569 F.2d 812, 813 (4th Cir. 1978); Ray v. Mabry, 556 F.2d 881 (8th 1977). If Plaintiff is attempting to assert a claim for deliberate indifference to his health or safety in violation of the Eighth Amendment by contending, for example, that prison officials required him to perform work knowing that it would constitute a danger to his health or would involve an excessive risk of serious harm, he should so specify in any future Complaint, should include all of the facts supporting that claim, and should complete the Complaint form in full regarding the exhaustion of administrative remedies as to that claim.

[2] The Court also notes that another Complaint by Plaintiff in the Western District of North Carolina, Case No. 1:13CV117, was recently dismissed because Plaintiff had three prior complaints in that district dismissed under 28 U.S.C. § 1915(b)(1). See Montehermoso v. Lewis, No. 13CV117 (W.D.N.C. June 18, 2013). Under 28 U.S.C. § 1915(g), Plaintiff would be required to pay the full filing fee before filing his Complaint, unless he alleges that he is under "imminent danger of physical injury." If Plaintiff chooses to re-file his Complaint in this case, he should pay the filing fee or address the applicability of § 1915(g).

forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 31st day of October, 2013.

                                                  /s/ Joi Elizabeth Peake
                                                 United States Magistrate Judge